IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TILLIE A. LYNN, | * |
| Plaintiff, | * |
| v. | * |
| LT. GEN. KEITH B. ALEXANDER, | *   Civil Action No.: RDB 07-2860 |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This employment discrimination action arises out of a Complaint brought by Tillie A. Lynn ("Plaintiff" or "Lynn"), proceeding *pro se*, against Lieutenant General Keith Alexander, in his official capacity as Director of Plaintiff's former employer, the National Security Agency ("Defendant" or "NSA"). Because of these actions, Lynn claims that she was unlawfully discriminated against because of her disability in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and that she was retaliated against for prior Equal Employment Opportunity ("EEO") activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Currently pending before this Court is Defendant NSA's Motion for Summary Judgment (Paper No. 45) as to Counts II and III, the remaining claims in this case.[1] Plaintiff has not filed a response. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons that follow, NSA's Motion for Summary Judgment is GRANTED.

---

[1] By previous Memorandum and Order (Papers No. 26 and 27) this Court granted Defendant's Motion to Dismiss as to Count I.

1

BACKGROUND

The complete factual and procedural background of this case has been fully set forth in this Court's March 23, 2009, Memorandum Opinion and a lengthy discussion herein is not necessary.

Plaintiff Tillie A. Lynn began working for NSA on June 30, 1973. On February 18, 2005, the day the incident occurred that was the catalyst for her termination, Lynn was a Customer Service Advocate with the Hardware Service Center ("HSC"). In that position, she was responsible for working at the HSC Help Desk, answering requests for computer support. Plaintiff Lynn avers that Defendant NSA discriminated and retaliated against her after that incident by (1) revoking her top-secret clearance, (2) removing her from her office and placing her in a temporary assignment without an ergonomic chair, and (3) ultimately terminating her employment on December 30, 2005.

Over the course of her employment with NSA, Lynn has been disciplined several times by her superiors for various infractions, including insubordination and unprofessional behavior. In October 1998, Lynn was suspended for a five-day period for failing to follow instructions and absence without leave ("AWOL"). In 2001, Lynn received a sixty-day suspension for (1) failing to follow authoritative instructions, (2) failing to treat supervisors with courtesy and respect, and (3) knowingly making a false statement during an official inquiry.

Lynn has a history of back problems. Lynn's immediate supervisor, Branch Manager Michael P., has known about Lynn's back condition since May 12, 2003, when he approached her about her difficulty with making it to work on time.[2] Lynn was subsequently provided an ergonomic chair and permitted to begin her workday at 8:30 a.m. instead of 6:00 a.m.

---

[2] Last names of employees of NSA have been redacted to just the first initial for security reasons.

Nonetheless, Lynn continued to show up late two to three times a month.

NSA contends that Lynn arrived late to work on February 18, 2005, without giving prior notice. When Michael P. went to her desk to inquire as to why she was late, Lynn refused to end a personal call to speak with him. Michael P. then completed an absence without leave ("AWOL") form for the time Lynn was not in the office. Shortly thereafter, Michael P. approached Lynn again and asked her to meet with him so that she could explain her tardiness. Lynn refused to meet with Michael P. Instead, she interrupted a meeting to demand that Robert L., the Office Chief and her ultimate superior, come out "right now" to deal with the situation. Robert L. did not do so, but attempted to meet with Lynn when his meeting concluded. Lynn declined to meet with him at that point, stating that she would resolve the matter through other channels. Lynn subsequently filed an EEO complaint against Michael P.[3]

On March 15, 2005, Michael P. filed a request for administrative action because of the February 18, 2005, incident. On October 24, 2005, Lynn received a Notice of Proposed Action to remove her from employment from Danielle S., an NSA employment relations counselor, which set forth NSA's justification for the action: (1) engaging in unprofessional conduct; (2) failing to exercise courtesy and respect towards management; and (3) failing to follow authoritative instructions. On November 8, 2005, Lynn submitted a written response to the charges, admitting the basic facts underlying her removal. On December 8, 2005, John T., the Associate Director of Human Relations at NSA, sustained the removal action.

## PROCEDURAL HISTORY

On December 30, 2005, Lynn filed a formal complaint of discrimination with the Equal Employment Opportunity Commission citing discrimination based on race, color, sex, disability,

---

[3] This complaint was later withdrawn when Michael P. transferred to another office.

and reprisal. On August 30, 2007, the administrative law judge entered judgment in favor of NSA on all counts. On October 22, 2007, Lynn filed this three-count Complaint. On March 11, 2008, NSA filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (Paper No. 16) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 23, 2009, this Court granted Defendant's Motion to Dismiss (Paper No. 27) as to Lynn's race, color, and gender discrimination claims under Title VII (Count I) and as to her reasonable accommodation claim under the Rehabilitation Act (Count II). The remaining claims are Lynn's disability discrimination claim under the Rehabilitation Act in Count II and Lynn's retaliation claim under Title VII in Count III. NSA filed the subject Motion for Summary Judgment (Paper No. 45) on November 13, 2009. Lynn did not file a response.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986).  After the moving party has established the absence of a genuine issue of material fact, the nonmoving party must present evidence in the record demonstrating an issue of fact to be resolved at trial.  *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)).  Summary judgment will be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

**I.      Rehabilitation Act Claim (Count II)**

In its motion, NSA argues that summary judgment should be granted as to Lynn's discrimination claim since she cannot prove that she was discharged because of her alleged disability, and because NSA had a legitimate, non-discriminatory reason for discharging Lynn that was not a pretext for discrimination.  To establish a prima facie case under the Rehabilitation Act, Lynn must demonstrate that she: (1) is disabled; (2) is otherwise qualified for the position; and (3) was removed from her position as a result of her disability.  *Davis v. Univ. of N.C.*, 263 F.3d 95, 99 (4th Cir. 2001).  Once a prima facie case is established, an employer may offer a legitimate, non-discriminatory reason for the adverse employment action.  *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 142-43 (2000).

In the Memorandum Opinion of March 23, 2009, this Court broadly construed the Complaint and found that Lynn had sufficiently stated a plausible claim of disability discrimination to survive a Motion to Dismiss filed pursuant to Rule 12(b)(6).  However, despite being accorded the opportunity for discovery, Lynn has since failed to produce any evidence that

creates any genuine issue of material fact. NSA's uncontested evidence reveals that Lynn has backtracked on her allegations of discrimination. When Lynn was asked during her deposition why she thought various superiors had recommended her discharge, Lynn responded with statements such as: "You will have to ask them," and, "What it was based on, I don't know." Def.'s Mem. Supp. Summ. J. Ex. 6 at 77, 94, 103-107. At one point, Lynn explicitly denied that she had been discriminated against because of her back problems. *Id*. at 103-104. Instead, she claimed the real reason she was discriminated against was because of her chronic anemia. *Id*. at 104. Yet, Lynn later contradicted herself again, reiterating that she was discriminated against on account of her back issues. *Id*. at 104. Lynn also has not produced any evidence to substantiate that the routine steps taken during her removal process, such as debriefing her from access to classified information and detailing her to a temporary assignment, were anything but standard parts of the termination process. *Id*. at 91. Because Lynn has not provided any evidence that NSA discriminated against her, and in fact admitted that she does not know why she was discharged, Lynn cannot show that NSA took any adverse employment action against her as a result of her alleged disability. Accordingly, she cannot establish a prima facie case.

Even if Lynn could establish a prima facie case of disability discrimination under the Rehabilitation Act, this claim fails because NSA has presented uncontroverted evidence sufficient to establish it had a legitimate, non-discriminatory reason for terminating her. The Fourth Circuit has stated: "when an employer gives a legitimate, nondiscriminatory reason for discharging the plaintiff, 'it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination.'" *Hawkins v. PepsiCo, Inc*., 203 F.3d 274, 279 (4th Cir. 2000) (quoting *DeJarnette v. Corning Inc*., 133 F.3d 293, 299 (4th Cir. 1998)). A Court should not second-guess an employer's

appraisal. *Hawkins*, 203 F.3d at 280.  Rather, the Court's sole concern should be "whether the reason for which the defendant discharged the plaintiff was discriminatory." *Id.* (quoting *DeJarnette*, 133 F.3d at 299).

The undisputed evidence reflects that Lynn was the subject of a number of disciplinary actions during her employment at NSA.  NSA has produced documents showing that it dismissed Lynn because of her behavioral issues, including: (1) engaging in unprofessional conduct; (2) failing to exercise courtesy and respect towards management; and (3) failing to follow authoritative instructions.  Def.'s Mem. Supp. Summ. J. at 22-24.  It is well within NSA's discretion to dismiss an employee who acts unprofessionally and has problems with authority.  Furthermore, Lynn has presented no evidence demonstrating that there is a genuine issue of material fact that NSA's reason for terminating her was a pretext for discrimination.

Thus, this Court finds that Lynn has not presented sufficient evidence for a reasonable jury to conclude that she was dismissed because of her alleged disability or that NSA's reason for dismissing her was a pretext for discrimination.  Accordingly, Plaintiff Lynn's claim under the Rehabilitation Act fails as a matter of law and Defendant NSA is entitled to summary judgment as to Count II.

## II.    Unlawful Retaliation Under Title VII Claim (Count III)

In its motion, NSA argues that summary judgment should be granted as to Lynn's retaliation claim because she cannot demonstrate any connection between her past EEO activity and her removal, and because Lynn cannot rebut NSA's legitimate and non-retaliatory reason for her termination.  To establish a prima facie case of retaliation under Title VII, Lynn must show that: (1) she engaged in a protected activity; (2) NSA took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse

employment action.  *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001).  If Lynn can establish this, the burden then shifts to NSA to produce evidence that the adverse employment action was taken against Lynn "for a legitimate, nondiscriminatory reason." *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 142 (2000) (*citing Tex. Dept. Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)).

As this Court recognized in its March 23, 2009, Memorandum Opinion, viewed in a light most favorable to Plaintiff, "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[4] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotations and citation omitted).  However, as explained above, NSA has presented evidence sufficient to establish it had a legitimate, non-discriminatory reason for dismissing Lynn, and Lynn has not shown that these reasons were pretextual.  Accordingly, Lynn's retaliation claim under Title VII fails as a matter of law and NSA is entitled to summary judgment as to Count III.

For the reasons stated above, NSA's Motion for Summary Judgment (Paper No. 45) is GRANTED.  A separate Order follows.


Dated:  December 10, 2009              /s/_____
                                       Richard D. Bennett
                                       United States District Judge

---

[4] Defendant NSA has previously "concede[d] that Plaintiff has a prima facie case of reprisal." NSA now contends that Lynn cannot establish any causal connection between the adverse action and any protected conduct.  However, this Court need not address NSA's changed posture since NSA's legitimate, non-discriminatory reason for terminating Lynn is unchallenged.